UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE CAMACHO MARTINEZ,

        Plaintiff,

        v.

FQSR, LLC, d/b/a KBP Foods, d/b/a
Kentucky Fried Chicken,

        Defendant.

No. 21 C 1140

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Defendant FQSR, LLC, doing business as Kentucky Fried Chicken ("KFC"), has moved to compel arbitration of Plaintiff's claims.[1] R. 7. KFC alleges that Plaintiff electronically signed an arbitration agreement when a KFC corporate representative met with him at the KFC restaurant where he worked two days before Plaintiff resigned. *See* R. 7-1 (copy of arbitration agreement); R. 7-2 (copy of Plaintiff's electronic signature).[2]

---

[1] Plaintiff brings claims for: (1) sexual orientation discrimination in violation of Title VII; (2) national origin discrimination in violation of Title VII; (3) intentional infliction of emotional distress; (4) constructive discharge; (5) failure to pay overtime in violation of the Fair Labor Standards Act; (6) failure to pay overtime in violation of the Illinois Minimum Wage Law; and (7) violation of the Illinois Biometric Information Privacy Act.

[2] Plaintiff argues that the Court must disregard the arbitration agreement because KFC did not produce the agreement in Plaintiff's employee file in response to Plaintiff's request pursuant to the Illinois Personnel Record Review Act. The problem with this argument is that the statute applies to employees only within one year of the end of their employment. *See* 820 ILCS 40/1(a) (the Act applies to a "person currently employed or subject to recall after layoff or leave of absence with a right to return at a position with an employer or a former employee who has terminated service within the preceding year"). Plaintiff's employment ended on January 20,

KFC has submitted two affidavits supporting this allegation. One affidavit is signed by an employee of the technology company that manages KFC's electronic document delivery and signing system Plaintiff is alleged to have used to sign the agreement. *See* R. 7-3. The employee attests to the process for delivering documents to employees and attached to the affidavit records she says demonstrate that Plaintiff electronically signed the arbitration agreement. The second affidavit is signed by the KFC corporate representative who attests that Plaintiff electronically signed the agreement with his assistance and in his presence. *See* R. 7-4.

Plaintiff has submitted an affidavit in opposition. *See* R. 12-1. He first contends that the documents allegedly showing that he electronically signed the agreement do "not contain my regular or electronic signature." *Id.* at 3 (¶ 11). He also states that the corporate representative's affidavit is "false," because the representative could not have "witness[ed] [Plaintiff] signing or agreeing to the Arbitration Agreement because until this case [Plaintiff] had never seen the Company's Arbitration Agreement." *Id.* at 3 (¶ 12).

Notably, Plaintiff does not dispute that he was visited by the corporate representative or that he signed the documents the representative presented to him. Plaintiff contends only that he has never "seen" the arbitration agreement. This leaves open the possibility that Plaintiff signed the agreement without paying

---

2019 and Plaintiff did not request his file until October 7, 2020. *See* R. 12-2. In any case, KFC contends that they provided the agreement to Plaintiff in a supplemental production only two days after initially producing Plaintiff's file. Assuming this is true, even if the statute applied to Plaintiff, the Court would find that KFC sufficiently complied with the statutory requirements.

attention to or knowing what he was signing, which could still create an enforceable agreement. *See Tinder v. Pinkerton Sec.*, 305 F.3d 728, 736 (7th Cir. 2002) (affirming district court's decision to compel arbitration where the evidence showed that the plaintiff received the arbitration agreement and continued her employment); *see also Gupta v. Morgan Stanley Smith Barney, LLC*, 2018 WL 2130434, at *2 (N.D. Ill. May 9, 2018) ("*Tinder* can be read . . . to impose a straightforward rule: when the plaintiff submits an affidavit stating that he does not recall receiving a letter, there is no triable factual dispute, but when the plaintiff submits an affidavit in which he denies receiving a letter, a triable dispute exists."). Receipt of an arbitration agreement and continued employment can establish assent to the arbitration agreement. *See Tinder*, 305 F.3d at 734-35.

Here, however, construing Plaintiff's affidavit in his favor, *see id.* at 735 ("the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor"), Plaintiff contends that he never received the agreement. Moreover, Plaintiff resigned his employment only two days after he allegedly received the agreement. The Court questions whether such a short time span is sufficient to demonstrate the continued employment necessary to establish consideration to create an enforceable agreement even if the Plaintiff in fact received it.

A hearing is necessary to address these issues. *See id.* at 735 (explaining that a hearing is required on a motion to compel arbitration when the "opposing party . . . demonstrate[s] that a genuine issue of material fact warranting a trial exists"). Both Plaintiff and the corporate representative should testify. Additionally, the affiant

from the technology company should testify to establish whether Plaintiff's credentials were used to electronically sign the agreement. Plaintiff's dispute of this contention borders on conclusory. He does not dispute the authenticity of the documents purportedly demonstrating his electronic signature, or otherwise explain why he believes the affiant is incorrect. Nevertheless, the Court finds it appropriate to explore the affiant's explanation that Plaintiff electronically signed the agreement and the basis for Plaintiff's contention that his "electronic signature" was not used to sign the agreement.

The Court will require post-hearing briefing on these disputed factual issues. Beyond the factual issues, the briefing should address whether Plaintiff's two days of employment after the alleged effective date of the agreement are sufficient to establish an enforceable agreement, even if the Court should find that Plaintiff signed the arbitration agreement without his knowledge.

Separately, the parties dispute whether Plaintiff's discrimination claims are within the scope of the agreement because Plaintiff contends that he "asserted" those complaints informally prior to the agreement's effective date and prior to filing a formal charge with the EEOC. In their post-hearing briefing, the parties should address whether the arbitration agreement's reference to the American Arbitration Association Rules is sufficient to show that the parties intended to leave issues of scope or arbitrability to the arbitrator, as several courts in this district have found. *See 20/20 Foresight, Inc. v. McGuffin*, 2021 WL 619718, at *3 (N.D. Ill. Feb. 17, 2021) (citing cases).

The parties should contact the Courtroom Deputy by August 9, 2021 to schedule a hearing date.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: August 2, 2021